IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **AMIN ISMAIL AL SHARAWNEH** : | | CIVIL ACTION |
| Plaintiff, : | | |
| v. : | | |
| : | | |
| **ALBERTO R. GONZALES**, Attorney General : | | No. 07-683 |
| of the United States; **MICHAEL CHERTOFF**, : | | |
| Secretary of the Department of Homeland : | | |
| Security; **THE UNITED STATES** : | | |
| **CITIZENSHIP & IMMIGRATION SERVICES** : | | |
| **(USCIS); EDUARDO AGUIRRE, JR.,** : | | |
| USCIS Director; and **DONALD MONICA**, : | | |
| USCIS Philadelphia Pennsylvania District : | | |
| Director, : | | |
| Defendants. : | | |

**ORDER**

**AND NOW** this 10th day of September, 2007, upon consideration of Defendants' Motion to Dismiss (Document No. 3, filed April 18, 2007); and Plaintiff's Reply to Defendant's Motion to Dismiss (Document No. 7, filed June 6, 2007), for the reasons set forth in the attached Memorandum, **IT IS ORDERED** that Defendants' Motion to Dismiss is **DENIED**.

**MEMORANDUM**

Plaintiff, Amin Ismail Al Sharawneh, a legal permanent resident of the United States, seeks an order to compel the United States Citizenship and Naturalization Services ("USCIS") to adjudicate his outstanding application for naturalization. Defendants have filed a motion to dismiss pursuant to 12(b)(1), arguing that this court lack subject matter jurisdiction over the case. For the reasons set forth below, the Court denies defendants' motion.

**I. BACKGROUND**

Plaintiff, Amin Ismail Al Sharawneh, has been a legal permanent resident of the United

States since February 28, 2001.  On March 10, 2004, he filed an Application for Naturalization (Form N-400) with the United States Citizenship and Naturalization Services ("USCIS") pursuant to 8 U.S.C. §§ 1427 and 1445.  USCIS scheduled an interview of plaintiff on February 16, 2005, but then cancelled the interview.  The USCIS informed plaintiff that his application is "pending final background checks," and advised that "these final checks can delay your case for an undetermined amount of time."  Letter from USCIS dated Nov. 22, 2006, Pet., Ex. 1.

Plaintiff filed this action on February 20, 2007 seeking a writ of mandamus to compel defendants to process his application.  Notably, plaintiff does not ask the Court to influence the outcome of his application; instead plaintiff requests that the Court require the USCIS to adjudicate his application within a reasonable period of time.  On April 18, 2007, defendants filed a motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).

## II.     LEGAL STANDARD–FEDERAL RULE OF CIVIL PROCEDURE 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) provides that a court may dismiss a complaint for "lack of jurisdiction over the subject matter" of a case.  Fed. R. Civ. P. 12(b)(1).  Plaintiff has the burden of establishing subject matter jurisdiction.  Carpet Group Int'l v. Oriental Rug Imp. Ass'n, 227 F.3d 62, 69 (3d Cir. 2000) (citing Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977)).

A facial challenge under Rule 12(b)(1) argues that the complaint fails to allege subject matter jurisdiction, or contains defects in the jurisdictional allegations.  5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1250, at 212-18 (2d ed. 1999).  That is the issue presented by the Motion to Dismiss.  As with a Rule 12(b)(6) motion, a court evaluating a facial challenge must accept the allegations in the complaint as true, and disposition of the

motion becomes purely a legal question.  Gould Elecs., Inc. v. United States, 220 F.3d 169, 176 (3d Cir. 2000).  In reviewing a facial attack, a court may rely on documents referenced in the complaint and attached thereto, but must view them in the light most favorable to the nonmoving party.  See id. at 176; Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993).

### III.  DISCUSSION

Plaintiff seeks to invoke this court's jurisdiction pursuant to 28 U.S.C. § 1331, in conjunction with 28 U.S.C. § 1361, and the Administrative Procedure Act ("APA") 5 U.S.C. § 551.  Defendants argue that the Court lacks jurisdiction over this action because the Court cannot compel the USCIS's discretionary action.

### A.     Jurisdiction Under 28 U.S.C. § 1361

28 U.S.C. § 1361 provides that "the district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."  28 U.S.C. § 1361.  Under Section 1361, "the test for jurisdiction is whether mandamus would be an appropriate means of relief" Mandamus is considered an "extraordinary remedy." Mallard v. United States Dist. Ct. for the S. Dist. Of Iowa, 490 U.S. 296, 308 (1989).  As a "drastic remedy," it is "seldom issued and its use is discouraged."  In re Patenuade, 210 F.3d 135, 140 (3d Cir. 2000) (citations omitted).

In order to ensure that the writ will only issue in appropriate circumstances, the Supreme Court has held that a party seeking issuance of such a writ must demonstrate (1) that a public official has a well-defined and mandatory duty to perform a certain act, and the petitioner has a clear and indisputable right to have that act performed, and (2) that no other adequate remedy is available.  See Allied Chemical Corp. v. Daiflon, 449 U.S. 33, 35 (1980); Aerosource v. Slater,

142 F.3d 572, 582 (3d Cir. 1998).  The duty owed by the government must be "a legal duty which is a specific, plain ministerial act 'devoid of the exercise of judgment or discretion.'  An act is ministerial only when its performance is positively commanded and so plainly prescribed as to be free from doubt." Harmon Cove Condo. Assoc. v. Marsh, 815 F.2d 949, 951 (3d Cir. 1987) (quoting Richardson v. United States, 465 F.2d 844, 849 (3d Cir. 1972) (en banc)).

    **B.**    **Jurisdiction Under the APA**

"The APA does not provide an independent basis for federal jurisdiction." Elhaouat v. Mueller, 2007 U.S. Dist. LEXIS 58906, *12 n.5 (E.D. Pa. Aug. 9, 2007) (citing Califano v. Sanders, 430 U.S. 99, 107 (1977)).  Jurisdiction for an APA claim is based on federal question jurisdiction under 28 U.S.C. § 1331.  Accordingly, whether plaintiff can establish subject matter jurisdiction turns on whether plaintiff can state a claim for relief under the APA.  See id.

The APA allows "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute" to seek judicial review of that action.  5 U.S.C. § 702.  The definition of "agency action" explicitly includes "failure to act."  5 U.S.C. § 551(13).  Under judicial review, the reviewing court may "compel agency action unlawfully withheld or unreasonably delayed."  5 U.S.C. § 706(1).  Moreover, the APA includes a general requirement that "[w]ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it."  5 U.S.C. § 555(b).

    **C.**    **Discussion**

"Most of the courts that have addressed the issue agree that, for purposes of compelling agency action that has been unreasonably delayed, the mandamus statute and the APA are co-extensive." Han Cao v. Upchurch, 2007 U.S. Dist. LEXIS 51477, *12 (E.D. Pa. July 16, 2007)

(Dalzell, J.) (citing Hernandez-Avalos v. I.N.S., 50 F.3d 842, 844-45 (10th Cir. 1995); Giddings v. Chandler, 979 F.2d 1104, 1108 (5th Cir. 1992); Jarecki v. United States, 590 F.2d 670, 675 (7th Cir. 1979)).  Accordingly, the Court will address jurisdiction under the APA and 28 U.S.C. § 1361 together.

In Norton v. Southern Utah Wilderness Alliance, 542 U.S. 55, 61 (2004), the Supreme Court held that "the only agency action that can be compelled under the APA is action legally required."  Id. at 63.  Consequently, an agency's delay in acting "cannot be unreasonable with respect to action that is not required."  Defendants, relying on Norton, argue that the time period for adjudicating petitioner's application is subject to the agency's discretion, and thus outside the purview of both 28 U.S.C. § 1361 and APA § 706(1).  In other words, it is defendants' argument that because the Government is not statutorily required to act on his application within a specific time frame, petitioner cannot ask this Court to compel it to do so.  The Court disagrees.

The discrete question at issue in this case is whether defendants have discretion to adjudicate applications for naturalization.  District courts within this Circuit and across the country are split on this issue.  A minority of courts have sided with the defendants on this issue, holding that, because there is no statutorily established time frame for adjudicating applications, the pace of adjudication is within the discretion of the agency.  See, e.g., Li v. Gonzales, 2007 U.S. Dist. LEXIS 32608, *23 (D.N.J. May 3, 2007) (holding that "there is no statutory or regulatory provision compelling adjudication within a certain time period, and a decision by immigration to withhold adjudication is within their discretion"); Badier v. Gonzales, 475 F. Supp. 2d 1294, 1297 (N.D. Ga. 2006) (same).  However, the majority of federal courts which have considered the issue, including numerous judges in this District, have rejected defendants' argument, concluding that the USCIS has a non-discretionary duty to adjudicate applications.

5

See, e.g., Kaplan v. Chertoff, 481 F. Supp. 2d 370 (E.D. Pa. 2007); Elhaouat v. Mueller, 2007 U.S. Dist. LEXIS 58906 (E.D. Pa. Aug. 9, 2007); Okunev v. Chertoff, 2007 U.S. Dist. LEXIS 53161 (N.D. Cal. July 11, 2007); Al-Farsi v. Mueller, 2007 U.S. Dist. LEXIS 43273 (S.D.N.Y. June 14, 2007).  The Court finds the reasoning of the majority persuasive.

With respect to processing N-400 applications, the USCIS enjoys "some but not unfettered discretion."  Elhauouat, 2007 U.S. Dist. LEXIS 58906, at *16.  The process of becoming a naturalized citizens has four stages: (1) the N-400 application; (2) an investigation and background check; (3) an interview with USCIS; and (4) administration of the oath of allegiance.  8 U.S.C. § 1446(a); 8 C.F.R. § 335.  Defendants are correct that there is no statutorily imposed time frame for this process, and thus, "the speed of processing [an application] may be 'discretionary' in the sense that it is determined by choice . . . ."  Liu Duan v. Zamberry, 2007 U.S. Dist. LEXIS 12697, *7 (W.D. Pa. Feb. 23, 2007).

However, the USCIS regulations make it clear that there is a non-discretionary duty to adjudicate applications.  Specifically, 8 C.F.R. § 316.14(b)(1) provides that "[s]ubject to supervisory review, the employee of the Service who conducts the examination [on an application for naturalization] *shall* determine whether to grant or deny the application, and *shall* provide reasons for the determination . . . ."  Id.; see also Kaplan, 481 F. Supp. 2d at 399.

Accordingly, the Court agrees with the majority of courts that "the [USCIS] simply does not possess unfettered discretion to relegate aliens to a state of 'limbo,' leaving them to languish there indefinitely."  Kaplan, 481 F. Supp. 2d at 399 (quoting Kim v. Ashcroft, 340 F. Supp. 2d 384, 393 (S.D.N.Y. 2004).  As such, the USCIS has a mandatory, non-discretionary duty to adjudicate applications for naturalization, such as plaintiff's, within a reasonable period of time–"that neither Congress nor the agency has specified the time frame for doing so makes no

difference." Elhaouat v. Mueller, 2007 U.S. Dist. LEXIS 58906, at *17 (citing Pub. Citizen Healht Research Group v. Chao, 314 F.3d 143, 152 (3d Cir. 2005)).

### III.   CONCLUSION

In sum, the Court concludes that the USCIS has a mandatory duty to adjudicate plaintiff's application for naturalization.  Accordingly, plaintiff has properly invoked the Court's subject matter jurisdiction pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1361, and the APA.  For the foregoing reasons, defendants' motion to dismiss is denied.[1]

**BY THE COURT:**

**/s/ Honorable Jan E. DuBois**
**JAN E. DUBOIS, J.**

---

[1] The Court notes that "because there is no factual record, the Court is unable at this juncture to ascertain" whether plaintiff is entitled to the requested relief.  Elhaouat, 2007 U.S. Dist. LEXIS 58906, at *23 (citing Oil, Chem., & Atomic Workers Union v. OSHA, 145 F.3d 120, 123 (3d Cir. 1998)).